**Eduardo GOMEZ–PEREZ, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

**No. 13–60740**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 31, 2014.

Charles Herman Kuck, Esq., Kuck Immigration Partners, L.L.C., Atlanta, GA, for Petitioner.

Andrew Brenner Insenga, Trial Attorney, Tangerlia Cox, Elizabeth D. Kurlan, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be     published and is not precedent except under

PER CURIAM: *

Eduardo Gomez–Perez (Gomez), a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals (BIA) vacating the ruling of the immigration judge (IJ) granting him withholding of removal under the Convention Against Torture (CAT). Gomez argues that he testified credibly before the IJ. He asserts that the IJ correctly determined that he had shown that it was more likely than not that he would be subjected to torture if he were removed to Guatemala. He contends that his removal from this country for a second time would focus the attention of Guatemalan authorities on him and make it more likely that he would be targeted. Gomez maintains that that actions of the police officers who extorted and attacked him were undertaken with the acquiescence of the Guatemalan government because Guatemalan authorities refused to take his report of the attack, demonstrating willful blindness to the actions of the extorting officers.

The IJ found that Gomez was eligible for protection under the CAT because: (1) the cut and beating he had received amounted to torture, (2) Gomez was likely to suffer the same treatment if he returned to Guatemala, and (3) the attack on Gomez was made with the acquiescence of the Guatemalan authorities. The BIA overturned the IJ's decision on two separate grounds: (1) that the attack on Gomez was not sufficiently serious to amount to torture and (2) that the attack was not accomplished with the acquiescence of Guatemalan authorities. While Gomez has fully briefed his challenge to the BIA's determination that the attack was not accomplished with the acquiescence of Gua-

temalan authorities, he has not briefed a challenge to the BIA's determination that the attack on him did not amount to torture. Accordingly, he has waived any such challenge that he could have raised. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir.2003). As the determination of the BIA that Gomez does not challenge is sufficient to support the BIA's ruling, Gomez has waived a dispositive issue, and we need not reach the issues that Gomez has briefed.

PETITION FOR REVIEW DENIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.